**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CASE NO. 1:21CR00041-001** |
| | : | |
| **CINDY FITCHETT** | : | |
| | : | |
| **Defendant.** | : | |

<u>**DEFENDANT'S POSITION ON SENTENCING**</u>

Cindy Fitchett, by counsel, is before the court for the imposition of sentence stemming from her illegal presence in the United States Capitol on January 6, 2021.  Needless to say, in this unique and important matter, Ms. Fitchett has fully accepted responsibility and, from the earliest time, within moments of her arrest, cooperated fully and acknowledged her errors.  Therefore, she is currently before the Court knowing there are consequences to her actions, and does not make any excuses or blame others for what she did.  While Ms. Fitchett started the day with the best of intentions, her failure to assert self-discipline in entering the Capitol and the fray that ensued is why she is before this Court.  As is demonstrated herein, Ms. Fitchett has lived a sterling life and has always been a contributor to her community.  It is clear this conduct was aberrational, and there is no reason to believe it will ever be repeated.

Therefore, based on all of the facts and circumstances of the case, a sentence of no more than 12 months of supervised probation with appropriate conditions is appropriate to punish, rehabilitate and deter.

I.      **Introduction**

On January 6, 2021, Ms. Fitchett was detained after unlawfully entering the United States Capitol with a large crowd during the so-called "Capitol riot."  Ms. Fitchett had agreed to attend

the scheduled January 6 rally in support of then President Donald Trump in Washington, D.C. with a friend.  When she traveled to D.C. on January 6, Ms. Fitchett had no knowledge that she would end up inside of the Capitol, and she was not part of any planned riot, disruption, or violence. Rather, Ms. Fitchett simply planned to attend the rally in support of President Trump because her friend asked her to attend and she thought it would be a unique event and opportunity. Unfortunately, what is painfully clear, is that what started as an innocent political rally for Ms. Fitchett quickly grew into much more.  Ms. Fitchett was  caught up in the excitement of the day, and eventually entered the Capitol along with the large crowd, contrary to law.

While a great portion of the crowd could be described as unruly, destructive, and  violent, Ms. Fitchett did not take part in any vandalism or destruction of the Capitol; in fact, when she observed others destroying property inside the Capitol, Ms. Fitchett took it upon herself to tell them to stop the destruction.

Additionally, the Court must consider that in all the video surveillance, Ms. Fitchett was seen following her friend, Douglas Sweet, as he made his way into  a corridor of the Capitol.  While she willingly made the decision, albeit a poor one, to unlawfully enter the Capitol that day, it is obvious that Ms. Fitchett was not a leader in the day's events.  In contrast, standing at only five feet two inches tall, and weighing a slight 105 pounds, Ms. Fitchett became scared and continued to follow Mr. Sweet so she would not be alone in the calamity she had become part of.

Not long after Ms. Fitchett entered the Capitol, a Capitol Police Officer directed  the crowd to leave.  At about this time, Mr. Sweet was arrested.  When Ms. Fitchett asked an officer to tell Mr. Sweet she was leaving, she was jammed up against a wall, and was then arrested.  Despite the force she experienced, Ms. Fitchett was, by all accounts, fully cooperative with law enforcement

on January 6 and ever since, including voluntarily providing her cell phone and passcode to law enforcement agents that same day.

On January 6, 2021, Ms. Fitchett was issued a summons to return to the District of Columbia Superior Court as directed. On January 12, 2021, Ms. Fitchett was advised she had to appear for further processing. She did as directed and was arrested again for the federal charges after turning herself in to the FBI. On January 15, 2021, the United States Attorney for the District of Columbia filed a four-count Information charging Ms. Fitchett and her co-defendants with Entering and Remaining in a Restricted Building, in violation of 18 USC 1752(a)(1) (Count One); Disorderly and Disruptive Conduct in a Restricted Building, in violation of 18 USC 1752(a)(2) (Count Two); Violent Entry and Disorderly Conduct in a Capitol Building, in violation of 40 USC 5104(e)(2)(A) (Count Three); and Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 18 USC 5104(e)(2)(G) (Count Four). On August 10, 2021, Ms. Fitchett pled guilty to Count Four, the parading allegations, and the three remaining charges are to be dismissed at the time of sentencing.

## II.     Application of the Sentencing Factors

18 U.S.C. § 3553 sets forth the factors to be considered in imposing a sentence. In this case, a sentence of supervised probation is appropriate and meets those needs of sentencing.

### A.  Nature and Circumstances of the Offense and History and Characteristics of Ms. Fitchett

Ms. Fitchett was born in Norfolk, Virginia on July 10, 1961, and was raised in Norfolk, Virginia, Pascagoula, Mississippi, and Charleston, South Carolina, before her family settled in Mathews County, Virginia. She has lived in Virginia ever since. She has four maternal siblings, one of whom passed away when Ms. Fitchett was only 21. Ms. Fitchett describes her childhood as "excellent" and does not describe any history of abuse or neglect. Ms. Fitchett has one daughter

from her first marriage, and has been married to her current husband, Ronald Fitchett, since January 30, 1999.

Ms. Fitchett does not report any history of mental or emotional health conditions, and has no knowledge of any family history of mental illness. She likewise does not have any history of alcohol or substance abuse. Ms. Fitchett and her husband enjoy a modest lifestyle, live within their means, and have always been productive, hardworking, and contributing members of their community.

Ms. Fitchett does not have any record of prior criminal offenses, and has expressed great humiliation and remorse at being involved in the events of January 6, 2021, which led to her arrest and her first ever experience with the criminal justice system. She has made it abundantly clear that she knows she exhibited poor judgment on January 6, and will do everything she can to avoid experiencing the humiliation of arrest again.

### B. The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment for the Offense.

A sentence of a  term of supervised probation is appropriate in this matter. Ms. Fitchett fully understands the severity of the charge to which she has pled guilty, and the role she played in the events of January 6. She has expressed sincere remorse, and understands that she must face the consequences of her actions. To be clear, as events developed during the early afternoon hours of that fateful day, it was Ms. Fitchett's obligation to determine what was proper and lawful. It was her responsibility to gauge the dramatic turn of events, attitude and vehemence of the crowd when it transitioned from energetic yet peaceful, to frenetic, aggressive, and chaotic. It was her failure to recognize the deterioration of what was a lawful and exciting gathering to one that  was quickly becoming out of control. It is that lack of judgment that brings Ms. Fitchett, a person who has been proud of her standing in the community, to address this Court for impermissible conduct.

As is often said by this and other Courts, actions have consequences.  Ms. Fitchett certainly understands that as she is before the Court for sentencing.

However, the consequences must be in context of the entire history of Cindy Fitchett.  Prior to January 6, Ms. Fitchett had never been charged with violating any law in her 60 years.  She lives a quiet, law-abiding life in a remote area of Mathews County, Virginia with her husband, who has been diagnosed with epilepsy and suffers from severe short-term memory loss.  Ms. Fitchett is her husband's sole caregiver, and she must be available to ensure he is safe, and to accompany to him to his medical appointments, which are generally scheduled, but from time to time require fairly immediate attention.

In her statement of offense, Ms. Fitchett relayed that her Pastor once said, "God will forgive us but the hardest part is forgiving ourselves and I have found this to be true."  It is clear that Ms. Fitchett does not take her role in the events of January 6 lightly, has been reflective on what she did and further evaluating why and how she allowed herself to exceed the line of behavior from being in a vigorous and energetic gathering, to crossing into illegality.  This self-reflection, the fact of a conviction, along with a period of supervised probation, is adequate and appropriate punishment.

### C.  The Need to Afford Adequate Deterrence to Criminal Conduct and to Protect the Public From Further Crimes of the Defendant.

The requested sentence adequately provides both specific and general deterrence.  A criminal record, humiliating arrest process, being lumped into a "mob" behavior that is on the news daily, and knowing the outcome of the January 6, 2021 riot, along with supervised probation, is more than sufficient to deter anyone from committing an unlawful act simply because others are doing so.

As for specific deterrence, the arrest and court process itself has been enough to deter Ms. Fitchett from ever committing an unlawful act again.  Additionally, she was fully cooperative with law enforcement from the moment of her first arrest through today, which makes clear that she fully understands what she has done and why she is before the Court.  Therefore, both general and specific deterrence favor a sentence of probation for Ms. Fitchett.

### D.  The Need to Avoid Unwarranted Sentence Disparities.

One of Ms. Fitchett's co-defendants, Thomas Gallagher, was sentenced on October 13, 2021 to two years of probation without home detention.  Mr. Gallagher was arrested in the same area and timeframe as Ms. Fitchett.  There was one mitigating video of Mr. Gallagher where he told another individual not to be disorderly.  Ms. Fitchett likewise told other individuals not to destroy property within the Capitol, although it apparently was not caught on video.  The circumstances surrounding the arrests of Ms. Fitchett and Mr. Gallagher are exceedingly similar. Therefore, as in Mr. Gallagher's case, a period of probation without home detention is appropriate for Ms. Fitchett in order to avoid unwarranted sentence disparities between the co-defendants.

The reality is this Court and the several other judges who are presiding over the Capitol cases are seeing a dramatic span of offenders.  Some were just there and, like Cindy Fitchett, got caught up in the excitement and drama at the Capitol without considering the need for self-discipline and how tumultuous the scene was becoming.  Others were planners and clearly prepared for violence, arriving with weapons and bear and similar sprays to be used in aggressive fashion, with  the mindset to do harm and violence.  A great middle class of the rioters are likely in between the fringes on either end of the spectrum.  Many who could have been prosecuted were not.  That is not a complaint, but makes clear the need for context as to this person who came to

Washington D.C. at the invitation of another to see the then President, with no idea or reason to believe what eventually took place was even a remote possibility.

The Government will give great weight to the video-selfie Ms. Fitchett took, which in reality shows how caught up she was in the drama of the day. Cindy Fitchett did wrong, but her individual conduct was not violent and certainly never encouraged violence. A probationary sentence properly reflects where Ms. Fitchett is in the span of those several hundred who are being prosecuted.

### III.    Restitution

As provided in the Plea Agreement, restitution is mandatory in this case in the amount of $500.00, and Ms. Fitchett previously agreed to pay this sum.

### IV.    Conclusion

The Court's decision in imposing a sentence here is unquestionably a difficult one. The Court has many considerations to weigh, including Ms. Fitchett's background and conduct, but also the January 6, 2021 riot and the impact on the United States Capitol and the individuals within it.

Ms. Fitchett now has a criminal record for the first time in her life. Early on, the same day of her arrest, she accepted full responsibility for her actions, and continues to express remorse and regret for her role in the events that occurred on January 6, 2021. Ms. Fitchett will carry the consequences of her actions with her going forward. And, given the long cycle of time these matters will be in the public eye, she will be reminded daily that actions have consequences. That said, there is no doubt that she will come out of this process a better and more understanding person, and will remain a completely law-abiding member of the community, as she has lived her life except for this very dark day.

Based on all of the circumstances of the case, the nature of the offense, the relevant sentencing factors, and considering the needs of sentencing, a sentence of up to one year of supervised probation should be imposed.

Respectfully Submitted,
Cindy Fitchett,
By Counsel

GREENSPUN SHAPIRO PC

BY:_____/s/_____
　　Peter D. Greenspun
　　Virginia Bar No. 18052
　　3955 Chain Bridge Road
　　Second Floor
　　Fairfax, Virginia 22030
　　(703) 352-0100
　　(703) 591-7268
　　pdg@greenspunlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 2, 2021, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which then sent a notification of such filing (NEF) to the following:

Seth Adam Meinero, Esquire
United States Department of Justice
175 N Street, N.E.
Fourth Floor
Washington, D.C. 20530
Seth.meinero@usdoj.gov

_____/s/_____
Peter D. Greenspun